IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On April 22, 2025, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking records regarding Mr. Michael Caputo.  The request included Mr. Caputo's birth date, place of birth, current address, and a DOJ-361 certification of identity form signed by Mr. Caputo.  Among other records, the request specifically sought

> all investigative reports, memoranda, intelligence products, interview transcripts and summaries, or similar records regarding Mr. Michael Caputo, all subpoenas and other requests for information submitted to, records received from, and records of communication with Google/Alphabet, Inc. or any other search engine or social media company regarding Mr. Michael Caputo, as well as all records of communication between any official or employee of the [FBI] and any official or employee of any other branch, department, agency, or office of the Federal government regarding or mentioning Mr. Michael Caputo.

The request was submitted via the FBI's eFOIAPA system and was received the same day it was sent.

6.      The FBI acknowledged receipt of the request by letter dated May 1, 2025, and advised Plaintiff that the request had been assigned FOIPA Request No.: 1666773-000.

7.      Plaintiff has received no further communication from the FBI regarding the request.

8.      As of the date of this Complaint, the FBI has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii)

2

notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request on or about May 20, 2025.

14. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 17, 2025                                              Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*

4